73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Betty HARDEN, Plaintiff-Appellant,
v.
Norbert E. COLLINS, MD; Norbert E. Collins, MD, Inc.;
Renae Smith, RN; Sylvia Kearney, CRNA; Fern L.
Armbruster, personally and as
owner/administrator of Silver
Fern Homes,
Defendants-Appellees.
 No. 94-55766.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1995.*
Decided Dec. 20, 1995.
 
 Before: HUG, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Betty Harden appeals the district court's grant of summary judgment in favor of defendants Norbert Collins, et al. Harden asserts claims under 42 U.S.C. Secs. 1981, 1982, and 1985(3). She alleges that she was sexually abused while she was under the care of defendants for a facelift, and that the alleged sexual abuse and alleged taking of her medical records were motivated by racial animus. We find that there are no genuine issues of material fact and AFFIRM the judgment of the district court.
 
 
 3
 * On February 20, 1992, Harden, a black woman, underwent facial surgery. Defendant Collins, M.D., performed the surgery. He was assisted by defendants Bowen and Smith, both R.N.'s, and defendant Kearney, an anesthetist. All were employed by defendant Collins, M.D., Inc. Harden alleges that while she was affected by the anesthesia, defendants allowed someone to penetrate her anally and vaginally. Harden asserts that she was unaware of the violation when she left the operating room because she was still under the effects of the anesthesia. All the defendants are white.
 
 
 4
 After the surgery, Harden recuperated at the Silver Fern Home, which is operated by defendant Armbruster. When they arrived at the Home, Armbruster escorted Harden through the back or side door.[1] Harden remained at the Home for two days, during which she remained sedated.
 
 
 5
 When she returned to her residence and the sedation wore off, Harden alleges that she felt pain in her vaginal area. She inspected herself in a mirror and alleges that she saw purple tissue, "worm-like" flesh, and indicia that she had been torn or cut from her vagina to near her anus. Subsequent gynecological examinations by at least four physicians revealed no evidence of any sexual abuse.
 
 
 6
 Harden filed suit in the U.S. District Court for the Central District of California, asserting claims under 42 U.S.C. Secs. 1981, 1982 and 1985(3). The district court had jurisdiction under 28 U.S.C. Sec. 1331, and granted summary judgment on all claims. Harden timely appeals. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 II
 
 7
 We review de novo a grant of summary judgment. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We examine the record in the light most favorable to the nonmoving party to determine whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law.
 
 
 8
 Harden raises a number of issues on appeal. They are paraphrased here: (1) Did the district court err in not ruling whether Harden had been raped and sodomized while under the care of defendants? (2) How much evidence of racial animus is needed to defeat summary judgment in a claim of rape and sodomy upon a black woman by white defendants? (3) Whose viewpoint is to be used in determining whether there was racial animus? (4) Did the district court err in granting summary judgment for the defendants, finding that there was no triable issue of racial animus? (5) Does a person have a constitutionally protected property interest in her own body? (6) Is an act of rape and sodomy by a white man against a black woman sufficiently wilful to qualify as a deprivation of constitutional rights without due process of law? (7) Can a plaintiff's prior life experiences, not related to the defendants, be used to establish evidence of racial animus by defendants? (8) Did the district court err in finding no racial animus to support a claim under 42 U.S.C. Sec. 1985(3)? (9) Do the protections of 42 U.S.C. Sec. 1981 run throughout the duration of a contract?
 
 
 9
 All three of Harden's claims for relief, under 42 U.S.C. Secs. 1981, 1982 and 1985(3), require proof of discriminatory intent. Harden asserts that she has made a prima facie showing of defendants' discriminatory intent by virtue of three facts: (1) before Harden first contacted defendants, she had suffered substantial race-based discrimination in her lifetime; (2) that the alleged sexual assault was perpetrated upon a black woman by a white man; and (3) that Armbruster took Harden into the Silver Fern Home via the back or side door, rather than the front door.
 
 
 10
 None of these factual assertions, even if true, are sufficient to show discriminatory intent. That Harden suffered from discrimination in her lifetime is tragic; however, it has no probative value in demonstrating that these defendants bore any racial animus. We cannot presume discriminatory intent merely because Harden is black and defendants are white. Finally, Armbruster testified in her deposition that she took all patients into the Silver Fern Home via the side or back door, because it was closest to the driveway.
 
 
 11
 We find as a matter of law that Harden cannot make a prima facie showing of discriminatory intent in this case. Consequently, all the other elements of her claims become immaterial, because she cannot, as a matter of law, prevail on any of her claims.
 
 III
 
 12
 We consider the legal elements of each of Harden's claims for relief in turn.
 
 
 13
 * Section 1981 protects the rights of all persons to, among other things, "make and enforce contracts," free from discrimination. 42 U.S.C. Sec. 1981; McKenzie v. City of Milpitas, 738 F.Supp. 1293 (N.D.Cal.1990), aff'd, 953 F.2d 1387 (9th Cir.1992) (intent to discriminate is an element of a claim under Sec. 1981). Harden's theory is that the alleged sexual abuse to which she claims she was subjected was motivated by racial animus, and impeded her right to contract for a facelift and postoperative care. We agree with the district court's statement that:
 
 
 14
 [a]lthough unwanted sexual contact is an assault, it is irrelevant to the issue of whether the parties intentionally prohibited Plaintiff from entering or enforcing her rights under the contract based on her race.
 
 B
 
 15
 Section 1982 provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. Sec. 1982. Harden propounds two theories under Sec. 1982. First, she asserts that someone took her medical files, thus depriving her of her property. Second, she asserts a property interest in her own body, which she claims was "taken" unconstitutionally. The district court considered only the first of these theories.
 
 
 16
 Because there is no evidence of racial animus, we need not reach the factual issue of whether any of Harden's medical files were actually missing. Likewise, we do not reach the constitutional question of whether a person has a property interest in her body that can be "taken" via sexual assault.
 
 C
 
 17
 Section 1985(3) governs conspiracies to deprive citizens of their constitutional rights. A prima facie case must show: (1) a conspiracy existed to deprive the plaintiff of constitutional rights; (2) the conspiracy had a discriminatory animus; and (3) the conspiracy's focus was to interfere with rights which are protected against private and official encroachment. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 113 S.Ct. 753, 758-759 (1993).
 
 
 18
 Harden signed a release granting defendants access to her medical records. When Harden later requested her medical records from Kaiser Permanente and Norton Air Force Base, they were unable to produce them. Harden contends that defendants conspired, based on Harden's race, to deprive her of her medical records.
 
 
 19
 We agree with the district court that there is no evidence that any defendant conspired to deny Harden her medical records or anything else. Further, as we stated above, there is no evidence that defendants bore any discriminatory intent. Therefore, Harden's Sec. 1985(3) claim fails in two of its three elements. We need not reach the constitutional question of whether a person has a constitutional property right to medical records.
 
 D
 
 20
 Harden cites a number of cases in her briefs which we do not address due to their patent inapplicability to this dispute.
 
 IV
 
 21
 Harden requested attorney's fees pursuant to 42 U.S.C. Sec. 1988. Because she has not prevailed on any of her claims, she is not entitled to any attorney's fees. Defendant Kearney requests attorney's fees under FRAP 38. We decline to find this appeal frivolous under FRAP 38.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The record is not entirely clear whether the sliding door adjacent to the driveway is at the back of the Home or on the side